IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| LAURA PAAR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-1027-STA-jay |
| | ) | |
| CITY OF JACKSON, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DISMISSING CLAIMS FOR LOST PAY AND BENEFITS AS MOOT**
**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**
**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMMARY JUDGMENT**

Before the Court are the parties' cross-Motions for Summary Judgment. Plaintiff Laura Paar filed her Rule 56 Motion (ECF No. 24) on January 16, 2020. Defendant City of Jackson, Tennessee filed its Motion (ECF No. 26) the same day. Each side has responded in opposition to the other's request for judgment as a matter of law. As such, the issues presented are now ripe for determination. For the reasons set forth below, the Court finds that Paar's claim for lost pay and benefits is now moot and that the City of Jackson is entitled to summary judgment on Paar's remaining claims for relief. Therefore, Paar's Motion for Summary Judgment is **DENIED**, and the City's Motion for Summary Judgment is **GRANTED**.

## BACKGROUND

Plaintiff Laura Paar, a former police officer employed by the Jackson Police Department, alleges that the City of Jackson effectively terminated her employment by placing her on unpaid administrative leave but without a pre-termination hearing. The Complaint alleges that the City violated Plaintiff's due process rights and discriminated against her on the basis of her gender in

1

violation of the Equal Protection Clause of the Fourteenth Amendment and the Tennessee Human Rights Act.

## I. Factual Background

The Court first considers whether a genuine issue of material fact exists to preclude summary judgment. In support of their separate Motions for Summary Judgment, the parties have asserted that a number of facts are undisputed for purposes of Rule 56. Local Rule 56.1(a) requires a party seeking summary judgment to prepare a statement of facts "to assist the Court in ascertaining whether there are any material facts in dispute." Local R. 56.1(a). A fact is material if the fact "might affect the outcome of the lawsuit under the governing substantive law." *Baynes v. Cleland*, 799 F.3d 600, 607 (6th Cir. 2015) (citing *Wiley v. United States*, 20 F.3d 222, 224 (6th Cir. 1994) and *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986)). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. For purposes of summary judgment, a party asserting that a material fact is not genuinely in dispute must cite particular parts of the record and show that the evidence fails to establish a genuine dispute or that the adverse party has failed to produce admissible evidence to support a fact. Fed. R. Civ. P. 56(c)(1).

The Court finds that the following facts are not in dispute for purposes of deciding the parties' Rule 56 Motions. Paar became a police officer with the Jackson Police Department on January 14, 2008. (Pl.'s Statement of Undisputed Fact ¶ 1.) In April 2018, the City placed Paar on administrative leave pending an investigation into allegations of misconduct made against Paar by a member of her family, concerning actions she had taken outside the line of duty. (*Id.* ¶

4.)[1] The Charter of the City of Jackson and the City's ordinances classify Jackson police officers as "civil service" employees and guarantee them certain civil service protections and procedures in sections 36 and 37 of the Charter. (*Id.* ¶ 3.) Per city personnel policy, an employee on administrative leave receives full pay and benefits for up to six months and then pay for any accumulated paid leave (such as vacation or comp time) for up to six additional months. (Def.'s Statement of Undisputed Fact ¶ 12.) Consistent with city policy, Paar received full pay and benefits for the first six months of her administrative leave. (*Id*. ¶ 17.) In October 2018, the City's personnel director notified Plaintiff that she would soon exhaust her six months of paid administrative leave and that once the six months of paid leave expired, Paar would continue to receive full pay and benefits but only for any paid leave she had accrued. (*Id.*) Once Paar had exhausted her paid leave, her administrative leave continued without pay. (*Id*.) Paar's last day of leave with full pay, pension, health insurance, and other benefits was November 27, 2018. (Pl.'s Statement of Undisputed Fact ¶ 7.)

Paar filed her Complaint against the City of Jackson on February 12, 2019, alleging that the City's unpaid leave was tantamount to termination. (Compl., ECF No. 1.) On March 19, 2019, the City decided to restore Paar to full pay and benefits and compensated her for her period of unpaid leave, though Paar continued to be on administrative leave. (Def.'s Statement of Undisputed Fact ¶ 19.) The City denies that it ever notified Paar—either verbally or in writing— that it had terminated her employment in November 2018. (*Id*.) Paar remained on paid

---

[1] According to the parties, Paar's seventeen (17) year-old stepson alleged that Paar had sexually abused him. (Pl.'s Statement of Undisputed Fact ¶ 4.) The Tennessee Bureau of Investigation investigated the allegations, and a Madison County Grand Jury returned a "Not True Bill" on the charge. (*Id*. ¶¶ 5, 6.) At this stage of the case, the Court finds the nature of the allegations against Plaintiff to be immaterial, though the evidence suggests that Paar's administrative leave lasted as long as it did because of the TBI investigation.

administrative leave until her termination on unrelated charges of misconduct in May 2019. (*Id.* ¶ 21.) Paar has not contested her May 2019 termination as part of this suit.

## II.     The Parties' Cross-Motions for Summary Judgment

Paar now seeks judgment as a matter of law on her constitutional due process and equal protection claims. According to Paar, the City's personnel decision to keep her on administrative leave without pay and benefits after November 2018 was the functional equivalent of losing her job without notice and therefore violated her procedural due process rights. Paar further argues that the City singled her out for this treatment because she is a woman.

For its part the City of Jackson seeks judgment as a matter of law on all of Paar's claims. The City denies that it terminated her employment in November 2018 and cites other evidence that it subsequently restored Paar to full pay with benefits in March 2019 and continued to pay her for the remainder of her administrative leave through her termination in May 2019. The City also paid Paar backpay for all of the pay and benefits she had not received between November 2018 and March 2019. The City contends then that Paar cannot prove her due process claim. The Court also argues that Plaintiff cannot prove her claims of gender discrimination under the Equal Protection Clause or the THRA. Paar has no evidence that the City treated similarly situated male police officers differently than it treated Paar. Therefore, the City argues that the Court should enter summary judgment in its favor on all of Paar's claims for relief.

## **STANDARD OF REVIEW**

Article III of the United States Constitution limits the "judicial power" to resolution of "cases" and "controversies." *Valley Forge Christian Coll. v. Americans United for Separation of Church & State*, 454 U.S. 464, 471 (1982). Federal courts can therefore decide only actual, on-going controversies. *Honig v. Doe,* 484 U.S. 305, 317 (1988). The mootness doctrine "requires

4

that there be a live case or controversy at the time that a federal court decides the case." *Sullivan v. Benningfield*, 920 F.3d 401, 410 (6th Cir. 2019) (quoting *Burke v. Barnes*, 479 U.S. 361, 363 (1987)). "[I]f events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give meaningful relief, then the case is moot and must be dismissed." *Id.* (quoting *Ailor v. City of Maynardville*, 368 F.3d 587, 596 (6th Cir. 2004)). "No matter how vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the lawsuit, the case is moot if the dispute is no longer embedded in any actual controversy about the plaintiffs' particular legal rights." *Id.* (quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013)).

Because mootness is a jurisdictional question, a court may properly raise the issue of mootness *sua sponte*. *See North Carolina v. Rice*, 404 U.S. 244, 246 (1971) ("Mootness is a jurisdictional question because the Court is not empowered to decide moot questions or abstract propositions . . ."); *Berger v. Cuyahoga Cnty. Bar Ass'n*, 983 F.2d 718, 721 (6th Cir. 1993) ("Questions of jurisdiction are fundamental matters which [the court] may review *sua sponte*.").

Under Federal Rule of Civil Procedure 56(a), a party is entitled to summary judgment if the party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Supreme Court has stated that "[t]hough determining whether there is a genuine issue of material fact at summary judgment is a question of law, it is a legal question that sits near the law-fact divide." *Ashcroft v. Iqbal*, 556 U.S. 662, 674 (2009). In reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

A court does not engage in "jury functions" like "credibility determinations and weighing the evidence." *Youkhanna v. City of Sterling Heights*, 934 F.3d 508, 515 (6th Cir. 2019) (citing *Anderson*, 477 U.S. at 255). Rather, the question for the Court is whether a reasonable juror could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict. *Anderson*, 477 U.S. at 252. In other words, the Court should ask "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-side that one party must prevail as a matter of law." *Id.* at 251–52. Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

## ANALYSIS

### I. Mootness of Plaintiff's Claims for Lost Pay and Benefits

As a threshold matter, the Court holds that Plaintiff's claim for lost pay and benefits after November 2018 is now moot. The "test for mootness is whether the relief sought would, if granted, make a difference to the legal interests of the parties." *Sullivan*, 920 F.3d at 410 (quoting *McPherson v. Mich. High Sch. Athletic Ass'n, Inc.*, 119 F.3d 453, 458 (6th Cir. 1997) (en banc) (internal quotations and citations omitted)). In this case, even if Plaintiff prevailed on her §1983 and THRA claims against the City related to her unpaid administrative leave, there is no amount of lost pay or benefits to which she would be entitled that she has not already received. At this stage of the case, it is factually undisputed that the City essentially reversed its decision about Plaintiff's pay and benefits after Plaintiff filed suit in February 2019, reinstated her to paid administrative leave through her termination in May 2019, and paid Plaintiff retroactively for the full period of her unpaid leave.

In responding to Defendant's statement of facts concerning any events occurring after Plaintiff filed suit, Plaintiff has not admitted or denied the truth of the facts asserted. Plaintiff has instead argued that "any actions on the part of the Defendants following the filing and service of this lawsuit are not relevant to allegations currently before the Court outlined in Plaintiff's Complaint." Pl.'s Resp. in Opp'n 2 (ECF No. 28). However, "[i]t is not enough that a controversy existed at the time the complaint was filed . . . ." *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). A defendant's voluntary cessation of a challenged practice moots a case, though admittedly only in "rare instances," where "subsequent events make it absolutely clear that the allegedly wrongful behavior cannot reasonably be expected to recur and 'interim relief or events have completely and irrevocably eradicated the effects of the alleged violation.'" *League of Women Voters of Ohio v. Brunner*, 548 F.3d 463, 473 (6th Cir. 2008); *Cleveland Branch, N.A.A.C.P. v. City of Parma, Ohio*, 263 F.3d 513, 530–31 (6th Cir. 2001) (quoting *Cnty. of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)).

In this case it is "absolutely clear" that the City's decision to place Paar on unpaid administrative leave "cannot reasonably be expected to recur." Paar no longer works for the City. Likewise, "interim relief or events" have now "irrevocably eradicated" the effect of the City's purported due process violation and discrimination against Paar, at least as far as her claim for lost pay and benefits. The City restored Paar to paid administrative leave in March 2019 and gave her back pay with full benefits for the period between November 2018 and March 2019. The fact that the City restored Paar to paid administrative leave and compensated her for the period of time when she had gone unpaid has undone the effect of the harms Paar alleges in her Complaint. And the fact that the actions were undertaken by government officials makes a difference. *Sullivan*, 920 F.3d at 410 ("[The] cessation of the allegedly illegal conduct by

government officials has been treated with more solicitude by the courts than similar action by private parties.") (quoting *Ammex, Inc. v. Cox*, 351 F.3d 697, 705 (6th Cir. 2003)). Under the circumstances, the Court finds that Paar's claim for pay and benefits she lost after November 2018 are now moot. The Court dismisses the claims with prejudice *sua sponte*.

This leaves Paar's claims for other damages for the violation of her constitutional and statutory rights. The Complaint alleges that the City's unconstitutional acts caused Paar to suffer harm to her professional reputation and mental anguish and physical and emotional distress. Paar's claim for reputational harm is arguably moot like her claim for lost pay and benefits. *Cutshall v. Sundquist*, 193 F.3d 466, 479 (6th Cir. 1999) (citing *Paul v. Davis*, 424 U.S. 693, 701 (1976)) (holding that reputational harm, standing alone, "is not a constitutionally protected liberty or property interest"). In any event, the Court now proceeds to consider the merits of Paar's justiciable claims for relief.

## II.     Claims Under 42 U.S.C. § 1983

Paar seeks to hold the City liable pursuant to 42 U.S.C. § 1983, which creates a "species of tort liability" for the violation of rights guaranteed in the Constitution itself. *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 916 (2017) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 417 (1976)). Section 1983 imposes liability on a "person who, under color of any statute, ordinance, regulation, custom or usage, of any State" subjects another to "the deprivation of any rights, privileges, or immunities secured by the Constitution or laws." 42 U.S.C. § 1983. Under § 1983, the Court's "threshold inquiry" is "to identify the specific constitutional right" at issue and then apply the relevant elements and rules of an action to vindicate the right. *Manuel*, 137 S. Ct. at 916 (quotation omitted). The constitutional rights at stake here are guaranteed by the Due

Process Clause and the Equal Protection Clause of the Fourteenth Amendment. The Court considers the merits of each claim separately.

### A. Procedural Due Process

The Due Process Clause of the Fourteenth Amendment prohibits states from depriving "any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. With respect to procedural due process, the deprivation by state action of a constitutionally protected interest in "life, liberty, or property" is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest without due process of law. *Parratt v. Taylor,* 451 U.S. 527, 537 (1981); *Carey v. Piphus,* 435 U.S. 247, 259 (1978) ("Procedural due process rules are meant to protect persons not from the deprivation, but from the mistaken or unjustified deprivation of life, liberty, or property"). In other words, a constitutional claim under § 1983 is not complete when the deprivation occurs; it is complete only when the state fails to provide due process. *Zinermon v. Burch,* 494 U.S. 113, 125–26 (1990). "When reviewing a procedural due process claim, [a court] must determine whether a protected liberty or property right is at stake and, if so, what process is due." *Handy–Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 546 (6th Cir. 2012).

In order to make out a prima facie procedural due process claim, Paar must prove three elements: (1) she had a life, liberty, or property interest protected by the Due Process Clause of the Fourteenth Amendment; (2) the City of Jackson deprived her of her protected interest; and (3) the City did not afford her adequate procedural rights before depriving her of this protected interest. *Wedgewood Ltd. P'ship I v. Twp. Of Liberty, Ohio,* 610 F.3d 340, 349–50 (6th Cir. 2010). In its Motion for Summary Judgment, the City does not contest the first element. Paar has shown that she had a property interest in her continued employment with the City by virtue

of the City Charter. The City argues that Paar has not proven the second element, because she has not shown that the City terminated her employment. The Court agrees. The undisputed evidence shows that Paar continued to hold her position, albeit while on unpaid administrative leave for a period of time, through May 2019. Plaintiff has not shown that the City terminated her in November 2018.[2] Without proof to show that the City terminated her, Paar's claim that the City failed to give her pre-termination due process in November 2018 fails as a matter of law. Therefore, the City of Jackson's Motion for Summary Judgment on this claim is **GRANTED**, and Paar's Motion on the same question must be **DENIED**.

   B. Equal Protection Clause

The parties next seek judgment as a matter of law on Paar's equal protection claim. The Equal Protection Clause of the Fourteenth Amendment provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend XIV, § 1. "The Equal Protection Clause prohibits discrimination by government which either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference." *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 681–82 (6th Cir. 2011) (*Radvansky v. City of Olmsted Falls*, 395 F.3d

---

[2] There is some legal authority for the proposition that a public employee with a vested property interest in continued employment may be entitled to some process before being placed on unpaid administrative leave. *See East v. Clayton Cnty., Ga.*, 436 F. App'x 904, 913 (11th Cir. 2011) (assuming without deciding that a firefighter "had a clear right to a hearing and the defendants deprived [him] of procedural due process by failing to provide him with such a hearing" before placing him on unpaid administrative leave); *Dargis v. Sheahan*, 526 F.3d 981, 989 (7th Cir. 2008) (noting without further comment that a district court had correctly applied Illinois law in concluding that "the decision to stop paying [a suspended police officer] implicated a concrete benefit of the type that creates a property interest that may not be taken away absent [due] process"). But this is not Plaintiff's theory of her case. The Complaint alleges and Paar continues to argue at summary judgment that the City terminated her employment in November 2018 without a pre-termination hearing. The Court declines then to consider what process was due before the City converted Paar's paid leave to unpaid leave, a theory Paar does not actually raise herself.

291, 312 (6th Cir. 2005)). This includes discrimination against individuals on the basis of sex. *Coal. to Defend Affirmative Action v. Granholm*, 473 F.3d 237, 248 (6th Cir. 2006) (citing *United States v. Va.*, 518 U.S. 515 (1996)).

In order to prove an equal protection claim, Paar must show that the City of Jackson treated her "disparately as compared to similarly situated persons" on the basis of her gender. *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011). The Court holds that Paar has failed to discharge this burden. Disparate treatment of some sort is the "threshold element of an equal protection claim." *Id.* at 379. Paar has offered no proof to show that the City of Jackson treated her differently because she was a woman. "In making an equal protection challenge, the plaintiff must demonstrate that a discrimination of some substance has occurred which has not occurred against other individuals who were similarly situated." *Hall v. Callahan*, 727 F.3d 450 (6th Cir. 2013) (citing *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)). While Paar's briefing cites the relevant case law, Paar has cited no evidence that the City treated similarly situated male police officers more favorably. In fact, Paar has not discussed the proof at all. Without some showing that the City treated male officers differently under similar circumstances, the City is entitled to judgment as a matter of law on Paar's equal protection claim for gender discrimination.[3] Therefore, the City's Motion for Summary Judgment is **GRANTED** on the equal protection claim, and Paar's Motion is **DENIED**.

---

[3] To the extent that Paar is pursuing a "suspect class" or "class-of-one" equal protection claim, no such claim is available in the context of public employment. *Engquist v. Or. Dep't of Agr.*, 553 U.S. 591, 609 (2008). The Supreme Court has explained that "ratifying a class-of-one theory of equal protection in the context of public employment would impermissibly constitutionalize the employee grievance." *Id.* (quotation omitted). Public employees seeking review of personnel decisions have "a variety of protections," just not the Equal Protection Clause. *Id*. Simply put, "federal court is not the appropriate forum in which to review the multitude of personnel decisions that are made daily by public agencies." *Id.*

11

### III. Paar's Waived Claims

Finally, the City of Jackson has also made arguments for summary judgment on Paar's claims under the Tennessee Human Rights Act ("THRA") and Tenn. Code Ann. § 38–8–301 *et seq*. The THRA prohibits discrimination against an employee on the basis of "race, creed, color, religion, sex, age or national origin." *Theus v. GlaxoSmithKline*, 452 F. App'x 596, 599 (6th Cir. 2011) (quoting Tenn. Code Ann. § 4–21–401(a)(1)). Tenn. Code Ann. § 38–8–304 sets out certain procedural protections for police officers "before any dismissal, demotion, suspension without pay or transfer for punitive reasons may be imposed . . . ." Tenn. Code Ann. § 38–8–304. But the statute goes on to limit its applicability "only to those agencies that now provide a property interest in employment for their police officers and that have no other established procedures for dealing with the dismissal, demotion, suspension or transfer for punitive reasons of police officers." Tenn. Code Ann. § 38–8–309.

By failing to respond to the City's arguments for the dismissal of these claims on the merits, Paar has waived them, a waiver that entitles the City to judgment as a matter of law on the claims. *Alexander v. Carter for Byrd*, 733 F. App'x 256, 261 (6th Cir. 2018) (citing *Haddad v. Sec'y, U.S. Dept. of Homeland Sec.*, 610 F. App'x 567, 568-69 (6th Cir. 2015)) and collecting other cases). Based on Paar's waiver of these claims and for the reasons stated in the City's opening memorandum, the Court holds that the City is entitled to judgment as a matter of law on the claims. Therefore, the City's Motion for Summary Judgment is **GRANTED** as to Paar's Tennessee statutory claims.

### CONCLUSION

The Court holds *sua sponte* that Paar's claims for lost pay and benefits are now moot and no longer present a live case or controversy for the Court to decide. As for her remaining

justiciable claims, Paar has not adduced evidence to prove her constitutional claims under 42 U.S.C. § 1983 and has waived her claims under the THRA and Tenn. Code Ann. § 38–3–301 *et seq*. Therefore, the City of Jackson's Motion for Summary Judgment is **GRANTED**, and Paar's Motion for Summary Judgment is **DENIED**.

    **IT IS SO ORDERED.**

    **s/ S. Thomas Anderson**
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: April 10, 2020.